## BOSTWICK v. BOSTWICK ET AL.

CONVEYANCE: CANCELLATION OF DEEDS: FRAUDULENT REPRESENTATIONS.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, OCTOBER 24.

ON the 9th day of January, 1877, the plaintiff conveyed to the defendant Samuel A. Bostwick two hundred acres of land in Pottawattamie county. The conveyance was by deed with covenants of general warranty. On the same day the defendant Samuel A. Bostwick, by his deed, quit-claimed to the defendant Eliza A. Bostwick forty acres of said land. Daniel Bostwick and Samuel A. Bostwick are the only heirs at law of Hiram Bostwick, deceased, who died in the month of September, 1876. Eliza A. Bostwick is his widow. At the time of his death the decedent held the legal title to forty acres of the above described land. In the year 1863 he conveyed to his son Daniel Bostwick all the real estate excepting said forty acres, which was his homestead. The land thus conveyed consisted of four hundred and forty acres, and included one hundred and sixty acres conveyed by the plaintiff to Samuel Bostwick on the 9th day of January, 1877. On the 18th day of April, 1876, Hiram Bostwick made his last will and testament by which he devised all of his estate to said Daniel Bostwick, excepting certain personal property, which, by a written contract executed by his wife and himself, he gave to her, and which she agreed to accept in lieu of dower in his estate. For several years, prior to his father's death, Samuel Bostwick resided in Montana Territory. After the death of the father of the parties, and about December, 1876, Samuel Bostwick returned to Pottawattamie county, where he remained until after the deeds were made, on the 9th of January, 1877, and for some time thereafter, when he returned to his home in Montana.

The plaintiff commenced this action to set aside the deeds made by him, and averred that upon the return of Samuel Bostwick to this State he expressed a strong desire to return to Iowa to reside, "provided he could secure a home near his brother, the plaintiff; that the plaintiff also being desirous of having said Samuel Bostwick, the only other member of his father's family surviving, live near him, proposed to give to him the land in controversy, provided he would return with his family to Iowa, and make the same his home; that the said property is at least one-half in value of all the property owned by plaintiff, and that the said agreement, and the love and affection he bore his brother, were the only consideration for the making of said deed."

It is further averred that the pretence that Samuel A. Bostwick would return to Iowa and reside upon said land was false and fraudulent, and that he is attemping to sell the land remaining after the said conveyance to Eliza A. Bostwick, to third parties; that Eliza A. Bostwick well knew the conditions and considerations upon which the conveyance from plaintiff was made; that she paid no consideration for the conveyance to her, and that both of the defendants entered into a fraudulent combination whereby it

was agreed between them that Samuel A. Bostwick should, by means of the said false representations, procure from the plaintiff a conveyance of the lands in controversy, and should then convey a portion thereof to said Eliza A. Bostwick.

The defendants, in answer, deny the alleged false and fraudulent representations, and aver that it was believed and claimed by the defendants that plaintiff had procured the execution of said will by means of fraud and undue influence by him practiced on said decedent, at a time when decedent was not of sound and disposing mind, and for these reasons the defendants had prior to the execution of the deeds set out in plaintiff's petition determined to resist the probate of said will and assert their rights as heirs of the decedent, which the plaintiff well knew, and that on the 9th day of January, 1877, a settlement of all disputes between the parties was arrived at, and said deed from the plaintiff to Samuel A. Bostwick was executed in part consideration of such settlement and conveyance, and thereupon said will was probated without opposition upon the part of the defendants, in pursuance of said settlement and compromise. There was a trial by the court upon written evidence, and a decree was entered for the defendants. Plaintiff appeals.

*Sapp, Lyman & Ament*, for appellant.

*L. W. Ross*, and *Clinton Hart & Brewer*, for appellees.

Rothrock, J.—The plaintiff claims that he was the legal and equitable owner of one hundred and sixty acres of the land conveyed by him to his brother, and that by the will of Hiram Bostwick he was also the owner of the remaining forty acres. That the validity of the will was not disputed by the defendants, and that he was moved to convey to his brother more than one-half in value of all his worldly possessions in consideration of his love and affection for his brother, and that said brother would remove from Montana to Iowa and reside upon the land. The claim upon its face, to say the least of it, is not reasonable. If this proposition be true it exhibits a degree of natural love and affection for kindred, and a desire for enjoying their society, far surpassing that possessed by the generality of mankind. We are not prepared to say that there may not be instances of such generosity, but they are exceedingly rare, and when rights of property are sought to be established on such considerations, the evidence should be so convincing as to fairly overcome the improbability of the claim.

That there is no sufficient evidence upon which to grant the plaintiff the relief he seeks in this case, we have no doubt. We cannot discuss the testimony of the witnesses in detail. All that can properly be included in the opinion are the conclusions which we think should be drawn from the evidence.

It is insisted by counsel for appellant that certain evidence which was admitted on the trial as to the condition of the mind of Hiram Bostwick at the time of his death and after the execution of his will, as well as all evidence tending to show that the will was invalid, was incompetent because the probate of the will is conclusive, and there can be no collateral attack upon

the will. The conclusive answer to this position is that this is not an attack upon the will. The defense to the action is, that defendants were about to contest the will, and that the conveyance of the land was the result of an amicable division of the assets of the estate. It is certainly proper to show there were reasonable grounds to believe that such a contest would have resulted favorably to the defendants, and that their claim was not a mere cover or threat to induce the plaintiff to divide the property. We know of no rule which would exclude evidence of this character.

Hiram Bostwick died in September, 1876. His son Samuel came from Montana to the plaintiff's residence in December of that year. In about two weeks after his arrival, all of the parties went to Council Bluffs, and the plaintiff made the conveyance which he now seeks to set aside. At the same time the plaintiff executed a bill of sale to Samuel A. Bostwick for five cows, one span of colts, one wagon, and one feather bed. He also took from the defendant Eliza A. Bostwick a "receipt and release" by which she acknowledged the receipt of certain chattels in full satisfaction of all her right in and to the property of the estate, real and personal, and she then agreed to vacate the homestead on the first day of March, 1877. These writings were all made on the same day, and were, in fact, parts of one transaction. The next matter of record was the probate of the will on the 30th day of January, 1877, without objection from any one. That the removal of Samuel A. Bostwick from Montana to the land in question was talked of and was in contemplation by the parties. seems to be well established, but that his contemplated removal was the inducement to making the conveyance is not established by a preponderance of evidence. A strong circumstance, tending to support the defense, is that until this conveyance was made the widow refused to accept the provision made for her in the will; that the plaintiff knew she would not take under the will is well established; that she expected some benefit from the conveyance to Samuel, seems reasonable, because the personal property which she received by the release to Daniel was much less than was conferred upon her by the will and contract with her husband.

It is urged that a successful contest of the will would only have given the widow her homestead or dower rights in the forty acres, the legal title to which was in the decedent, and the defendant Samuel his interest therein as heir, and that the plaintiff had no reason, therefore, to make a conveyance of all the other land to avoid a contest. To this it may be replied that there is no showing that the plaintiff paid any consideration for the four hundred and forty acres conveyed by the father to him in 1863; that his father held his notes for a large amount, and that they were last seen some time before his death and were not found afterwards. The homestead and some of the farm land in controversy was in the possession of the decedent at the time of his death. How much, or whether he was holding it as the tenant of the plaintiff, or as the equitable owner, does not appear. Taking these facts, with others, which might be enumerated, into consideration, we think the fair and reasonable conclusion from all the evidence is, that the conveyance in question was a settlement and adjustment of the rights of the parties in the estate in such way as appeared to them to be fair and equi-

table, rather than an act of generosity upon the part of the plaintiff, founded on his love and affection for his brother.

AFFIRMED.